UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-23947-CIV-LENARD/GOODMAN

DAVID LOUIS BERKOWER and
SZNOL BERKOWER,

      Plaintiffs,

vs.

USAA CASUALTY INSURANCE
COMPANY,

      Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS
## COUNTS II, III, AND IV OF PLAINTIFFS' AMENDED COMPLAINT

USAA Casualty Insurance Company ("Defendant" or "USAA") filed a Motion to Dismiss Counts II, III, and IV of Plaintiffs' Amended Complaint. [ECF No. 23]. David Louis Berkower and Sznol Berkower ("Plaintiffs") filed a response in opposition, [ECF No. 29], and Defendant filed a reply [ECF No. 30]. United States District Judge Joan A. Lenard referred all pretrial matters to the Undersigned [ECF No. 21], with the consent of both parties [ECF No. 20].[1] For the reasons discussed below, the Undersigned **grants**

---

[1] Because the parties have consented to full magistrate judge jurisdiction for motions to dismiss, any appeal of this ruling is made directly to the Eleventh Circuit Court of Appeals. *See* 28 U.S.C. § 636(c)(3) (explaining that appeal is "in the same manner as an appeal from any other judgment of a district court"); Southern District of Florida Local Magistrate Judge Rules 1(h), 4(e)(1). *See also* Federal Rule of Appellate

the motion as to all three counts. But, as noted below, the parties agreed to abate Count III, so the ruling there is not based on the merits or lack of merits of the bad faith claim.

## I.     INTRODUCTION

Plaintiffs filed this action against their homeowners' insurance carrier, USAA, in connection with alleged damage to their home. [ECF Nos. 1-1; 17]. Plaintiffs' Amended Complaint alleges four causes of action: (1) Count I alleges a claim for breach of contract, which USAA does not seek to dismiss; (2) Count II alleges a claim for breach of Florida Statute § 627.70131.; (3) Count III alleges a statutory bad faith claim pursuant to Florida Statute § 624.155; and Count IV is a request for declaratory relief. [ECF No. 17].

In its dismissal motion, USAA argues that Counts II, III, and IV fail to state a claim upon which relief can be granted. [ECF No. 23, p. 1]. In particular, Defendant alleges that Florida Statute § 627.70131 does not provide a basis for an independent cause of action (Count II), that a prior determination as to liability and the amount of damages is necessary to state a bad faith claim under Florida Statute § 624.155 (Count III), and that Plaintiffs fail to identify any specific portion of the policy under which they are in need of Court-clarification through declaratory judgment (Count IV). [ECF

---

Procedure 3(a)(3) (stating that an appeal from a judgment by a magistrate judge is taken "in same way" as an appeal from the district court); Advisory Committee Notes to the 1998 Amendments to former Rule of Appellate Procedure 3.1 (explaining that the Federal Courts Improvement Act of 1996 generated a "statutory change" which "means that when parties consent to trial before a magistrate judge, appeal lies directly, and as a matter of right, to the court of appeals under § 636(c)(3).").

No. 23, p. 2]. Defendant also argues that Plaintiffs' declaratory judgment action in Count IV is duplicative of Plaintiffs' breach of contract claim in Count I. [*Id.*].

After USAA filed its dismissal motion, the parties agreed to abate Count III. [ECF No. 28]. According to the Notice of Agreement, the parties agreed that Count III should be abated pending a determination of coverage. [ECF No. 28]. Based on this agreement, the Court **dismisses without prejudice** Count III.

This leaves Counts II and IV to be addressed.

## II.   LEGAL STANDARDS

### A. MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

To state a claim for relief, a pleading must contain: "(1) a short plain statement of the grounds for the court's jurisdiction[;] . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### B. COUNT II -- DUTY TO ACKNOWLEDGE COMMUNICATIONS REGARDING CLAIMS

Plaintiffs base their claim on Florida Statute § 627.70131(1)(a), which provides:

> Upon an insurer's receiving a communication with respect to a claim, the insurer shall, within 14 calendar days, review and acknowledge receipt of such communication unless payment is made within that period of time or unless the failure to acknowledge is caused by factors beyond the

3

> control of the insurer which reasonably prevent such acknowledgement. If the acknowledgement is not in writing, a notification indicating acknowledgement shall be made in the insurer's claim file and dated. A communication made to or by an agent of an insurer with respect to a claim shall constitute communication to or by the insurer.

Fla. Stat. § 627.70131(1)(a).

Plaintiffs claim that USAA violated this statutory language because it failed to timely respond to their written communications.

But Florida Statute § 627.70131(5)(a) of the same statute provides:

> Within 90 days after an insurer receives notice of an initial, reopened, or supplemental property insurance claim from a policyholder, the insurer shall pay or deny such claim or a portion of the claim unless the failure to pay is caused by factors beyond the control of the insurer which reasonably prevent such payment. Any payment of an initial or supplemental claim or portion of such claim made 90 days after the insurer receives notice of the claim, or made more than 15 days after there are no longer factors beyond the control of the insurer which reasonably prevented such payment, whichever is later, bears interest at the rate set forth in s. 55.03. Interest begins to accrue from the date the insurer receives notice of the claim. The provisions of this subsection may not be waived, voided, or nullified by the terms of the insurance policy. If there is a right to prejudgment interest, the insured shall select whether to receive prejudgment interest or interest under this subsection. Interest is payable when the claim or portion of the claim is paid. Failure to comply with this subsection constitutes a violation of this code. **However, failure to comply with this subsection does not form the sole basis for a private cause of action.**

Fla. Stat. § 627.70131(5)(a) (emphasis added).

USAA contends that (5)(a) specifically excludes a private right of action. Plaintiffs acknowledge 5(a), as they must, but stress that their claim is brought under

4

(1)(a), which they say is *not* subject to the statutory no-claim provision. USAA also argues that there is no private right of action under (1)(a), either.

### C.  COUNT IV -- DECLARATORY JUDGMENT

This Court has subject matter jurisdiction in this action based on diversity of citizenship. [*See* ECF No. 1]. For this reason the Court must apply federal law in resolving procedural matters and Florida law in resolving issues of substantive law. *McMahan v. Toto*, 256 F. 3d 1120, 1131 (11th Cir. 2001) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)).

A federal court is authorized to declare the rights and other legal relations of any interested party in a case of actual controversy within its jurisdiction through 28 U.S.C. § 2201. *See also Skelly Oil Co. et al. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) ("The operation of the Declaratory Judgment Act is procedural only.") (internal quotation marks and citations omitted). Florida Statute § 86.021 "provides for a declaration of rights or status where a party to an agreement is in doubt as to rights thereunder." *City of Hollywood v. Fla. Power & Light Co.*, 624 So. 2d 285, 286 (Fla. 3d DCA 1993); *accord Fernando Grinberg Trust Success Int'l Props., LLC v. Scottsdale Ins. Co.*, No. 10-20448-Civ, 2010 WL 2510662, at *1 (S.D. Fla. June 21, 2010); *see also* Fla. Stat. § 86.101 (2016) ("This chapter is declared to be substantive").

In its Motion, USAA asserts that "[i]n order to state a claim for declaratory judgment, a party must identify a genuine dispute over the existence or non-existence

of some right or status" and cites *Kelner v. Woody*, 399 So. 2d 35, 37 (Fla. 3d DCA 1991). [ECF No. 23, p. 9].

To be sure, there are cases indicating that a party moving for declaratory judgment must identify some provision of the insurance contract as to which it is in doubt and therefore requires clarification. *See Columbia Cas. Co. v. Zimmerman*, 62 So. 2d 338, 340 (Fla. 1952) (holding as a prerequisite for declaratory judgment "some doubt as to the proper interpretation of the written contract or as to the existence or non-existence of some right, status, immunity, power or privilege under the written contract[.]"); *Travelers Ins. Co. v. Emery*, 579 So. 2d 798, 801 (Fla. 1st DCA 1991) (stating that declaratory relief is not available "to settle factual issues upon which coverage questions turn under an insurance contract which is clear and unambiguous."). However, this law is outdated.

In 2004, the Florida Supreme Court receded from *Columbia Casualty* and held that declaratory judgments are authorized "in cases in which it is necessary to resolve issues of fact in order to decide the declaratory judgment action." *Higgins v. State Farm Fire & Cas. Co.*, 894 So. 2d 5, 15 (Fla. 2004) (holding that declaratory judgments are authorized "in cases," therefore "reced[ing] from *Columbia Casualty* to the extent that it is inconsistent with this holding"). Courts in this district have them subsequently found that, "[f]ollowing *Higgins*, it is clear – even if it was not before – that a declaratory-relief action **may proceed** based on an **unambiguous insurance policy**." *Ocean's 11 Bar &*

*Grill, Inc. v. Indem. Ins. Corp. of DC*, No. 11-61577-CIV, 2011 WL 3843931, *2 (S.D. Fla. Aug. 26, 2011) (emphasis added).

Nevertheless, a court still must dismiss a claim for declaratory judgment if it is duplicative of a claim for breach of contract and, in effect, seeks adjudication on the merits of the breach of contract claim. *Fernando Grinberg Trust*, 2010 WL 2510662, at *1 (stating that a court should not entertain declaratory judgment on issues which are properly raised in other counts and therefore already before the court); *Cf. McIntosh v. Harbour Club Villas Condo. Ass'n*, 468 So. 2d 1075, 1081 (Fla. 3d DCA 1985) (stating that a declaratory judgment claim should not be entertained when the claim is also in other counts "through which the plaintiff will be able to secure full, adequate and complete relief.").

### III. ANALYSIS

**COUNT II -- DUTY TO ACKNOWLEDGE COMMUNICATIONS REGARDING CLAIMS**

As outlined above, the legal wrangling here concerns (5)(a)'s clear-cut language advising that "failure to comply with this **subsection** does not form the sole basis for a private cause of action." (emphasis added). If (5)(a)'s statutory no-claim provision is a self-contained provision concerning an insurer's obligation to pay or deny a claim within 90 days after receipt of a property insurance claim, then Plaintiffs' claim under (1)(a) concerning an insurer's failure to review and acknowledge receipt of a communication within 14 days of receiving a claim-related communication would not

7

be subject to dismissal. On the other hand, if the statute must be read as a whole and if (5)(a) *does* apply to (1)(a) claims, then Plaintiffs may not maintain a private right of action based on an alleged (1)(a) violation.

In addition, the parties are wrangling over the issue of whether there is an independent private right of action under (1)(a), regardless of the prohibition in (5)(a).

The Undersigned deems it significant that Plaintiffs have not cited one case holding that *any* part of Florida Statute § 627.70131 creates an independent cause of action. Moreover, applicable case law authority seems to preclude *all* private claims under the statute. *See e.g., QBE Ins. Corp. v. Dome Condo Ass'n, Inc.*, 577 F. Supp. 2d 1256, 1261 (S.D. Fla. 2008) ("based on the plain language of the statute, Dome is precluded from bringing a claim that only seeks recovery based on section 627.70131"). Significantly, the *Dome* Court did not limit its holding to only those claims brought specifically pursuant to (5)(a).

Moreover, (5)(a) is the only portion of the statute which specifically states that failure to comply "constitutes a violation of this code." In addition, it is the only portion of the statute providing for any type of financial relief arising from a violation of the statute's provisions. Specifically, (5)(a) provides that any payment made after a certain time bears interest at a specified rate and that the interest begins to accrue from the date the insurer receives notice of the claim. In contrast, (1)(a) does not contain any type of similar provisions.

The Undersigned also deems instructive the analysis found in *Buckley Towers Condo, Inc. v. QBE Ins. Corp.*, No. 07-22988-CIV, 2008 WL 2490450 (S.D. Fla. June 18, 2008), report and recommendation adopted, No. 07-22988-CIV, 2008 WL 2856457 (S.D. Fla. July 24, 2008). The *Buckley Towers* Court explained that the Legislature intended for Florida Statute § 627.70131 to "bind the insurer to its provisions in response to a Department of Insurance review or a bad faith claim." *Id.* at *11. Therefore, the statute applies when a claimant raises a bad faith claim against an insurer. *Id.* In such situations (which are inapplicable here, because this is neither a bad faith claim nor a review by regulators), the insured may rely upon Florida Statute § 627.70131 to support its argument that the insurer failed to timely process its claim. *Id.* In explaining that Florida Statute § 627.70131 does not provide for an independent remedy, the Court explained, "[w]hat the face of the statute also provides, however, is that the legislature **did not intend to create any private cause of action** against the insurer that is based merely upon a violation of the statute." *Id*. at *12. (emphasis supplied).

Consequently, the Undersigned concludes that two (albeit related) grounds support dismissal: (1) there is no private right of action for an insurer's failure to comply with (1)(a) [and Plaintiffs have not called my attention to any case acknowledging such a right]; and (2) the statute expressly provides, in (5)(a), that a failure to comply does **not** form the basis for a private cause of action.

Therefore, the Undersigned dismisses with prejudice Count II.

**COUNT IV -- DECLARATORY JUDGMENT**

Plaintiffs request a declaratory judgment concerning "Plaintiffs' and Defendant's rights, duties and obligations with respect to the **losses, costs or expenses** incurred as the result of the subject loss under the terms, provisions, conditions and endorsements of the subject policy." [ECF No. 17, pp. 8-9 (emphasis added)]. In other words, they want the Court to determine how much they are owed by the insurance carrier defendant under the insurance policy contract. But Plaintiffs also assert in Count I that "Defendant breached the contract by failing to fully cover and pay for the damage and/or loss to Plaintiffs' property" and that "Plaintiffs fulfilled all of their duties under the contract, including all post-loss obligations." [ECF No. 17, p. 4].

The Undersigned recognizes that, under the Federal Rules of Civil Procedure, a plaintiff may plead claims in the alternative. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1273 (11th Cir. 2009) ("Rule 8(d) of the Federal Rules of Civil Procedure expressly permits the pleading of both alternative and inconsistent claims."). Nevertheless, the Defendant asks that this request for declaratory judgment be dismissed because it 1) fails to identify any specific portion of the policy that requires clarification; 2) seeks a damages calculation, which is an improper use for a declaratory judgment; and 3) duplicates Plaintiffs' breach of contract claim. [ECF No. 23, p. 2-3].

Legal precedent renders this first argument moot. *See Ocean's 11,* 2011 WL 3843931, at *3 ("It is thus clear that Plaintiff *may* bring a [declaratory judgment] claim

10

based upon an unambiguous contract.") (emphasis in original); *Higgins*, 894 So. 2d at 15 (authorizing declaratory judgments "in cases in which it is necessary to resolve issues of fact in order to decide the declaratory judgment action[.]"). The mere fact that Plaintiffs do not identify particular contractual language indicating an ambiguity does not cause their request for declaratory judgment to fail to state a claim for relief.

But Defendant's second argument -- that Plaintiffs' request for declaratory judgment is duplicative of the Plaintiffs' breach of contract claim -- holds greater weight and is persuasive.

If the determination of Plaintiffs' breach of contract claim involves the same factual dispute as the declaratory judgment claim, then "Plaintiff[s] will be able to secure full, adequate and complete relief through the breach of contract claim" and consequently "the declaratory action must be dismissed." *Fernando Grinberg Trust*, 2010 WL 2510662, at *1-2.

By requesting a declaration with respect to "the losses, costs, or expenses incurred as a result of the subject loss[,]" [ECF No. 17, pp. 8-9], Plaintiffs are effectively seeking a judgment concerning the amount of damages -- relief *already* fully accessible to Plaintiffs under their breach-of-contract claim. The Undersigned accordingly finds that this declaratory action must be **dismissed.** *See also Al-Ad Residences at Miramar Condo. Assoc., Inc. v. Mt. Hawley Ins. Co.,* Nos. 09-CV-60723, 09-CV-60726, 2009 WL 3019786 (S.D. Fla. Sept. 23, 2009), at *4 (granting insurer's motion to dismiss declaratory

11

judgment claim concerning damages and compensation because it requires factual determinations about the scope of damages and because the insured is asking the court "to judicially declare the amount of damages" and noting that the damages issue may be resolved under the breach of contract claim); *Regency of Palm Beach, Inc. v. QBE Ins. Corp.*, No. 08-81442, 2009 WL 2729954 (S.D. Fla. Aug. 25, 2009) (dismissing portions of declaratory judgment count because damages will be resolved in the breach of contract count).

## IV. CONCLUSION

For reasons above, the Undersigned **grants** Defendant's Motion and dismisses **Count II with prejudice, dismisses Count III without prejudice** and **dismisses Count IV without prejudice**.

**DONE and ORDERED,** in Chambers, in Miami, Florida, on September 1, 2016.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Joan A. Lenard
All counsel of record