**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 15-23947-CIV-LENARD/GOODMAN**

DAVID LOUIS BERKOWER and
SZNOL BERKOWER,

      Plaintiffs,

vs.

USAA CASUALTY INSURANCE COMPANY,

      Defendant.

_____/

## DEFENDANT'S RENEWED MOTION TO STRIKE PLAINTIFFS' EXPERT WITNESS OR, ALTERNATIVELY, MOTION FOR EXTENSION OF TIME FOR DEFENDANT TO COMPLETE EXPERT DISCOVERY AND FOR DEFENDANT TO FILE MOTIONS TO EXCLUDE OR LIMIT PROPOSED EXPERT TESTIMONY

Defendant, USAA CASUALTY INSURANCE COMPANY (hereinafter "USAA CIC"), by and through the undersigned counsel, pursuant to Federal Rules of Civil Procedure 26(a) and 37 and the Court's Scheduling Order [D.E. 39], hereby files its Renewed Motion to Strike Plaintiffs' Expert Witness or, Alternatively, Motion for Extension of Time for Defendant to Complete Expert Discovery and for Defendant to File Motions to Exclude or Limit Proposed Expert Testimony and Incorporated Memorandum of Law:

1.     This lawsuit arises out of a homeowners' insurance claim presented by Plaintiffs, David Louis Berkower and Eve Sznol Berkower (hereinafter "Plaintiffs") under an insurance policy issued by USAA CIC to the Plaintiffs involving damage allegedly caused by a plumbing backup on or about November 10, 2014, at the insured property in Hollywood, Florida.

2.      Plaintiffs claim that on November 10, 2014, the master bathroom toilet at the insured property backed up and caused water to overflow the toilet bowl, staining the travertine flooring and the wooden door frames at the entrance of the bathroom.

3.      Pursuant to the Court's Order Adopting Joint Scheduling Report and Establishing Pretrial Deadlines [D.E. 39] (hereinafter "Scheduling Order"), the deadline for Plaintiffs' Rule 26(a)(2) expert disclosure was August 16, 2016.

4.      The deadline for USAA CIC's Rule 26(a)(2) expert disclosure was August 30, 2016, and USAA CIC timely and adequately complied with the deadline, identifying Donald Dunn of My Plumbing Co., a licensed plumbing expert, and Dick Fortune of Rugbeaters of Florida, Inc., a flooring and property restoration professional, and providing copies of their signed reports setting out their opinions in detail in full compliance with Rule 26(a)(2).  *See* [D.E. 127-1].

5.      In fact, Plaintiffs have known the substance of USAA CIC's expert opinions since as early as June 7, 2016 as USAA CIC supplemented its Rule 26 disclosure with copies of Mr. Dunn and Mr. Fortune's initial reports containing their preliminary opinions and photographs taken during the May 23, 2016 re-inspection.  *Id.*

6.      However, it was not until August 25, 2016, **nine days after the expiration of Plaintiffs' Rule 26(a)(2) expert disclosure deadline and without even requesting an extension of the deadline**, that Plaintiffs served their "Expert Disclosures and Report" identifying Mr. Kenneth Hecht of KDH Architecture, Inc. as Plaintiffs' expert witness (hereinafter "Preliminary Report") and providing nothing more than vague, conclusory, preliminary "opinions."  *See* [D.E. 98-2].  Moreover, it appears that Mr. Hecht had not even inspected the property before preparing and signing his Preliminary Report as his supplemental

report served on November 11, 2016 [*see* D.E. 121-1] indicates that he inspected the property on November 9, 2016, **85 days after Plaintiffs' expert disclosure deadline, 48 days after the close of discovery, 23 days after the close of expert discovery and 8 days after the summary judgment motion deadline**. *See* [D.E. 39].

7.      Accordingly, USAA CIC filed its initial Motion to Strike Plaintiffs' Expert Witness on September 1, 2016 based on the untimeliness of Plaintiffs' expert disclosure and the complete inadequacy of the disclosure which failed in its entirety to comply with the requirements of Rule 26(a)(2). *See* [D.E. 98].

8.      USAA CIC also filed a Motion to Modify Scheduling Order to Extend Deadline for Defendant to Complete Expert Discovery and for Defendant to File Motions to Exclude or Limit Proposed Expert Testimony ("USAA CIC's Motion for Extension of Time") [D.E. 103], in an abundance of caution in order to allow USAA CIC ample time to coordinate and conduct the deposition of Mr. Hecht and file any motions deemed appropriate, if necessary, in the event the Court were to deny USAA CIC's Motion to Strike Plaintiffs' Expert Witness.

9.      On November 4, 2016, the Court denied USAA CIC's Motion to Strike Plaintiffs' Expert Witness [*see* D.E. 115] and granted USAA CIC's Motion for Extension of Time [*see* D.E. 116], finding Plaintiffs' expert disclosure to be "**overly conclusory, vague and significantly inadequate**" and requiring Plaintiffs to provide "a supplemental, more-precise, more-detailed expert report from Ken Hecht by November 11, 2016." *See* [D.E. 116] (emphasis added).

10.     The Court's Order put Plaintiffs "on notice that Mr. Hecht's supplemental expert report will be subject to an order striking it if it does not adequately address and resolve the concerns flagged in USAA's motion to strike." *Id.*

11.     On November 11, 2016, Plaintiffs served a Supplemental Rule 26 Expert Disclosures and Report (hereinafter "Supplemental Report") [*see* D.E. 121] which is **still** significantly inadequate as it is vague, nebulous, overly conclusory, lacks detail, fails to state the basis and reasons for Mr. Hecht's conclusory opinions, improperly provides legal conclusions on topics which are not even relevant in this breach of contract lawsuit, raises new issues (yet again)[1] for the very first time in this case, without any basis or support, improperly agrees with third parties' estimates and "opinions" and otherwise fails to resolve the concerns flagged in USAA CIC's Motion to Strike.

12.     For example, Mr. Hecht states in his Supplemental Report that he "agree(s) with the Scope of Work and the Pricing enumerated in ***Stellar Public Adjusting Services*** estimate" and states, in a conclusory fashion, that "the work listed needs to be performed to properly repair the subject home to its pre-loss condition." *See* [D.E. 121-1].  It is not only improper to "agree" with a third party's opinion/estimate, particularly in this matter where Stellar Public Adjusting Services, LLC's ("Stellar") corporate representative could not even identify who prepared either of the two Stellar estimates,[2] but Mr. Hecht also does not identify which of the two Stellar

---

[1] Mr. Hecht's Preliminary Report also raised an issue not previously raised by Plaintiffs or their agents as to the *possibility* that the structural foundation of the subject property was compromised by the loss, without any basis or support of any kind for this "possibility," and it is unclear based on Mr. Hecht's Supplemental Report whether Mr. Hecht is still of this "opinion" after inspecting the property on November 9, 2016 (on what appears to be his **very first time inspecting** the property, **85 days after Plaintiffs' expert disclosure deadline** and only after a Motion to Strike Plaintiffs' Expert and an Order requiring Plaintiffs to provide a more detailed expert report) as it is not addressed in Mr. Hecht's Supplemental Report or in any of the three estimates (Stellar's December 11, 2014 estimate, Stellar's February 22, 2016 estimate and Norman Vespi's November 29, 2014 estimate) which Mr. Hecht "agrees" with, as stated in his Preliminary Report and Supplemental Report. *See* [D.E. 98-2]; [D.E. 121-1].

[2] Plaintiffs and Stellar produced an estimate purportedly generated by Stellar dated December 11, 2014 in the amount of $245,436.50 and an estimate purportedly generated by Stellar dated February 22, 2016 in the amount of $347,671.90.  Stellar's corporate representative, Rami Boaziz, could not even identify the person who prepared the two estimates, let alone explain why two different estimates were submitted and how they were prepared, prejudicing USAA CIC's ability to conduct a meaningful deposition as to the estimates.  *See* [D.E. 109-s, p. 53, ln. 9-19; p. 116, ln. 25-p. 118, ln. 25].  Thus, the two Stellar estimates

estimates (identified by Mr. Hecht in the very same Supplemental Report [D.E. 121-1, p. 2, ¶'s 3-4]) he is "agreeing" with.  Mr. Hecht's preliminary report also states that he "agrees" with independent adjuster Norman Vespi's estimate dated November 28, 2014 in the amount of $103,179.64 and "an appropriate valuation of damages in this matter is somewhere in between the estimates prepared by [Mr. Vespi] and Stellar," leaving USAA CIC in a position where it is **forced** to depose Mr. Hecht to even determine which of these three estimates he "agrees" with and what his **actual** opinion is as to the valuation of claimed damages.  *See* [D.E. 121-1]; [D.E. 98-2].

13.     Moreover, the two Stellar estimates are over 40 pages each and have a $102,235.40 difference in valuation, and Mr. Hecht's Supplemental Report completely fails to explain how Mr. Hecht determined that the work listed needs to be performed, as stated, including but not limited to whether any measurements were even taken of the property or whether investigation as to the grade and cost of the property's finishes took place, and also fails to explain how Mr. Hecht determined what he deems to be the "pre-loss condition" of the property.  *See*  [D.E. 121-1].  USAA CIC should not be forced to take Mr. Hecht's deposition to determine how, if at all, he arrived at the overly conclusive opinion as to the work needed to "properly" repair the property to its "pre-loss condition."

14.     Similarly, Mr. Hecht states in his Supplemental Report that he "agree(s) the Travertine flooring tile needs to be replaced" and interjects, **for the very first time and two months after the close of discovery**, a conclusory opinion as to category 3 water penetrating the "interior of the material as well as the inaccessible area beneath it" without stating the basis or

---

cannot be used or relied upon by Plaintiffs and cannot come into evidence, yet Mr. Hecht attempts to rely upon these estimates.

reasoning for this overly-conclusive opinion including whether any testing was performed to confirm the presence of "category 3 water" in or underneath the tile. *See* [D.E. 121-1, p. 3].

15.     Based on Plaintiffs' expert disclosure, USAA CIC is unable to determine the basis for Mr. Hecht's conclusory opinion as to category 3 water penetrating the flooring, forcing USAA CIC to depose Mr. Hecht to determine how he arrived at this opinion and prejudicing USAA CIC's defense of the claim as it was denied the opportunity to flush out this issue through discovery and denied the opportunity to determine, depending on Mr. Hecht's testimony, whether to retain and disclose an additional expert witness qualified to opine on the issue and, if appropriate, disclose a rebuttal expert, both of which would need to request and arrange for a re-inspection of the property in order to render their opinions and comply with expert disclosure requirements.

16.     In addition, Mr. Hecht states for the first time in his Supplemental Report that increased costs *may* be incurred during construction due to "the need to provide temporary and/or permanent supporting structural systems to comply with the Florida Building Code when the slab/foundation work is performed." *Id.*   This opinion is not only speculative (and Mr. Hecht, a general contractor, should know with absolute certainty whether any increased costs would be incurred to comply with the Florida Building Code), but it is again offered without any basis or support and in contradiction to Plaintiffs' position in this case which is that they only seek compensation for the alleged ensuing water damage to the property.[3]   *See* [D.E. 111, ¶ 35]. Clearly, there would be no need for "slab/foundation" work to be performed in order to repair the alleged ensuing water damage to the interior of the property and, once again, USAA CIC would

---

[3] Mr. Hecht's reliance upon one or both of Stellar's estimates having a $102,235.40 difference in valuation also contradicts Plaintiffs' position in this case as the estimates scope for the cost of plumbing access (through the concrete slab) and repair and are therefore not limited to alleged ensuing water damage.

be forced to depose Mr. Hecht, without having the benefit of a Rule 26(a)(2) compliant expert report in order to prepare for an effective and meaningful deposition, to determine the basis for Mr. Hecht's speculative opinion as to increased costs which *might* be incurred and whether or not Plaintiffs even seek to recover benefits for the cost to access and repair the below-slab plumbing lines, contrary to their position in this matter and two months after the close of discovery.

17.     Further, Mr. Hecht's Supplemental Report improperly provides a legal conclusion as to whether the subject policy provides coverage for the loss which is an issue of contract construction to be determined by the Court based on its interpretation of the policy language, as applied to the record evidence, and is not a topic which Mr. Hecht is qualified to opine, particularly when there are no ambiguities in the insurance policy, as is the case in the instant matter.  *See U.S. Fire Ins. Co. v. Meridian of Palm Beach Condominium Ass'n, Inc.*, 700 So.2d 161, 162 (Fla. 4th DCA 1997) (citing *Acceleration Nat'l Serv. Corp. v. Brickell Fin. Servs. Motor Club, Inc.*, 541 So.2d 738 (Fla. 3d DCA), *rev. denied* 548 So.2d 662 (1989)); *Rossi v. Brown*, 581 So.2d 615 (Fla. 5th DCA 1991).

18.     Finally, Mr. Hecht's Supplemental Report provides an improper, irrelevant and conclusory opinion that this claim "was not handled appropriately by the insurer."  *See* [D.E. 121-1, p. 3].  Not only is this opinion provided, yet again, without any basis or support, but it also involves an issue relating to allegations of bad faith claims handling which is completely irrelevant in a first party breach of contract action as a prior determination as to liability and the amount of damages is necessary to state a bad faith claim under Florida law.  *See* Order on Defendant's Motion to Dismiss Counts II, III, and IV of Plaintiffs' Amended Complaint [D.E. 99]; *see also* Notice of Agreement to Abate Count III of Plaintiffs' Amended Complaint [D.E.

28]; *see also Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So.2d 1289, 1291 (Fla. 1991); *State Farm Fla. Ins. Co. v. Seville Place Condo. Ass'n, Inc.*, 74 So.3d 105, 108 (Fla. 3d DCA 2011).

19.     As stated above, USAA CIC would be prejudiced if it were required to depose Mr. Hecht without the benefit of a Rule 26(a)(2) compliant expert disclosure and report, and it would also be an unnecessary expenditure of USAA CIC's resources to conduct a costly deposition of Mr. Hecht if he were ultimately stricken as a witness in this matter.

20.     If the Court ultimately denies this Motion USAA CIC would also be prejudiced if it were not afforded the opportunity to depose Mr. Hecht to, at the very least, determine what his opinions are before trial and to determine whether a *Daubert* motion, or a motion to exclude or limit Mr. Hecht's testimony, is appropriate

21.     Thus, if the Court is not inclined to grant the relief requested in this Motion and Mr. Hecht were permitted to offer opinions in this matter, USAA CIC would need sufficient time to depose Mr. Hecht, consult with its experts, potentially and, if appropriate, retain a rebuttal expert as to new issues raised by Mr. Hecht for the very first time, including but not limited to the issue of "category 3 water" penetrating the tile, as well as time to request and arrange for these experts to re-inspect the property, to allow these experts sufficient time to prepare their Rule 26(a)(2) compliant reports, and to comply with expert disclosure requirements.

22.     Accordingly, without waiver of its position herein as to USAA CIC's request for entry of an Order striking Kenneth Hecht as an expert witness in this matter and in the alternative in the event the Court denies this Motion, USAA CIC respectfully requests entry of an Order extending USAA CIC's deadline to complete expert discovery and to file any motions to exclude or limit proposed expert testimony and for leave to disclose a rebuttal expert if necessary.

23.     Neither undue delay, prejudice, bad faith, nor dilatory motives play any part in USAA CIC's alternative request for an extension of time to complete expert discovery and to file any motions to exclude or limit proposed expert testimony, rather, USAA CIC is attempting to preserve its right to fully and fairly defend this action and to attempt to limit the prejudice caused if the Court does not strike Mr. Hecht.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 26(a)(2) governs the procedure for disclosing expert witnesses retained to provide expert testimony at trial and for disclosing expert reports.  Pursuant to Rule 26(a)(2), an expert witness disclosure must be accompanied by a written report, which must be prepared and signed by the witness retained to provide expert testimony and which must include the following: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; [and] (iii) any exhibits that will be used to summarize or support them …"  Fed. R. Civ. P. 26(a)(2)(B) (emphasis added).

"An expert report must be complete to the point where 'opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources.'"  *Frasca v. NCL (Bahamas) Ltd.*, No. 12-20662-CIV, 2014 WL 695413, at *1 (S.D. Fla. Feb. 24, 2014) (Magistrate, J. Goodman) (quoting *Dyett v. N. Broward Hosp. Dist.,* No. 03–60804, 2004 WL 5320630, at *1 (S.D. Fla. Jan. 21, 2004) (granting motion to strike expert witness because, among other reasons, counsel's summary was an inadequate substitute for the

required report).   The *Dyett* Court stated that "expert reports must not be sketchy, vague or preliminary in nature" and found that the expert summary provided by counsel "fail[ed] miserably to satisfy the requirements" of Rule 26 as it was "entirely devoid of any opinion and the basis and reasons supporting such opinion" and was therefore inadequate.  *Dyett*, 2004 WL 5320630, at *1; *see also United States v. Marder*, 1:13-CV-24503-KMM, 2016 WL 2897407, at *3 (S.D. Fla. May 18, 2016) (holding the expert disclosure requirements are "intended to provide opposing parties reasonable opportunity to prepare for effective cross-examination and perhaps arrange for expert testimony from other witnesses.") (citation omitted).

Mr. Hecht's Preliminary Report and Supplemental Report fail miserably to satisfy the requirements of Rule 26, even after Plaintiffs' were put on explicit notice that Mr. Hecht's supplemental expert report would be stricken if it did not adequately address and resolve the concerns flagged in USAA's motion to strike, as the Supplemental Report is entirely devoid of the basis and reasons supporting Mr. Hecht's vague and conclusory opinions, as noted above. USAA CIC should not be forced to depose Mr. Hecht to determine the basis and reasons for his conclusory opinions in order to avoid ambush at trial, and USAA CIC should be provided a reasonable opportunity to prepare for effective cross-examination at trial, based solely on the contents of Plaintiffs' expert disclosure, and to arrange for expert testimony from other witnesses if deemed appropriate.  Without knowing the basis for Mr. Hecht's opinion or even which of the three estimates he "agrees" with and why, it is impossible to prepare for an effective cross-examination of Mr. Hecht and to arrange for expert rebuttal testimony.

"Federal Rule of Civil Procedure 37(c)(1) provides for sanctions that can be imposed if a party does not comply with the Rule 26(a)(2) disclosure requirements." *Warner v. Ventures Health Care of Gainesville, Inc.,* No. 5:00–CV–308–OC–10–GRJ, 2001 WL 36098008, at *1

(M.D.Fla. Aug.1, 2001).   Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).   "[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Frasca*, 2014 WL 695413, at *4 (quoting *Dyett*, 2004 WL 5320630, at *2).   Indeed, "[b]ecause the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational."   *United States v. Twenty-Nine Pre-Columbian & Colonial Artifacts from Peru*, 13-21697-CIV, 2015 WL 457860, at *1 (S.D. Fla. 2015) (quoting *Reese v. Herbert,* 527 F.3d 1253, 1266 (11th Cir.2008)).   In applying Rule 37(c)(1) to a Rule 26(a) violation, the *Frasca* Court noted:

> Given these rules, courts do not hesitate to strike experts when adequate reports have not been timely provided, and appellate courts regularly affirm orders excluding experts under these scenarios. *See, e.g., Reese v. Herbert,* 527 F.3d 1253, 1266 (11th Cir.2008) (affirming district court's exclusion of an expert's affidavit); *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.,* No. 09–60351–CIV, 2010 WL 1837724 (S.D.Fla. May 3, 2010) (granting defendant's motion to strike expert witnesses and precluding them from testifying); *United States v. Marder*, 1:13-CV-24503-KMM, 2016 WL 2897407, at *4 (S.D. Fla. 2016) (granting plaintiff's motion to strike expert and expert's report where defendants "only provided a cursory expert report" numbering three pages and undermined plaintiff's ability to prepare for trial).

*Frasca*, 2014 WL 695413, at *4.

Once the Court finds that an expert disclosure is deficient or untimely, such as the expert disclosure in this case which is both deficient **and** untimely, the Court would then consider whether the failure to disclose was substantially justified or harmless.   *Warner*, 2001 WL 36098008, at *2.   "Substantial justification requires justification to a degree that could satisfy a

reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Id.* at 1. **There can be no doubt in this case** that Plaintiffs understood that they were to comply with their expert disclosure requirements, pursuant to Rule 26(a)(2), no later than August 16, 2016 as provided in the Court's Scheduling Order [D.E. 39] and that they were also on explicit **notice from the Court** that Mr. Hecht's supplemental expert report would be stricken if it did not adequately address and resolve the concerns flagged in USAA's motion to strike. *See* [D.E. 116]. There can also be no doubt that Plaintiffs had **months** to retain an expert to inspect their own property and investigate in order to prepare a report containing all of the information and documentation required by Rule 26(a)(2), but they nonetheless failed to timely comply with their expert disclosure deadline and then failed not once, **but twice**, to provide a Rule 26 compliant expert disclosure. In fact, Mr. Hecht did not even bother to inspect the property until November 9, 2016, **85 days after Plaintiffs' expert disclosure deadline** and two months after the close of discovery and only after a Motion to Strike Plaintiffs' Expert and an Order requiring Plaintiffs to provide a more detailed expert report, illustrating Plaintiffs' pattern of delay, gamesmanship and manipulation of the discovery process.

In deciding whether to exclude or strike an expert witness, the Court generally considers the following four factors: "(1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Frasca*, 2014 WL 695413, at *1 (quoting *Warner*, 2001 WL 36098008, at *1). USAA CIC has been severely prejudiced by Plaintiffs' untimely and inadequate disclosure and would be further prejudiced if Mr. Hecht were permitted to testify at trial as USAA CIC has timely and adequately complied with its expert disclosure requirements, in compliance with the

Court's Scheduling Order and after the Court's denial of its timely request for a 15-day extension to provide its expert disclosure [*see* D.E. 95], and USAA CIC would be prejudiced in its ability to take the deposition as the Supplemental Report fails to even provide the information necessary for USAA CIC to conduct a meaningful deposition.  Further, USAA CIC would be prejudiced if Plaintiffs were permitted yet another chance at this stage in the litigation to amend its expert disclosure in an attempt to comply with Rule 26(a)(2) as it would be denied the opportunity to conduct additional discovery within the deadlines prescribed by the Court as to the new issues identified in Mr. Hecht's Supplemental Report and any testimony obtained during his deposition to determine whether it is appropriate or necessary to retain additional experts to rebut Mr. Hecht's opinions.

Throughout this litigation, Plaintiffs have thumbed their noses at the Scheduling Order deadlines, their discovery obligations and the Federal and local rules which compounds and contributes to the prejudice suffered by USAA CIC as a result of Plaintiffs' untimely and wholly inadequate expert disclosure.  The Court should not permit the Plaintiffs to benefit from Plaintiffs' gamesmanship and manipulation of the discovery process and should, thus, enter an Order striking Plaintiffs' expert witness and an Order excluding the testimony of Mr. Kenneth Hecht at the trial of this matter.

## <u>CERTIFICATE OF GOOD FAITH CONFERENCE</u>

Pursuant to Local Rule 7.1(a)(3), the undersigned hereby certifies that counsel for the movant has made reasonable efforts to confer with Plaintiffs' counsel in a good faith effort to resolve the issues raised in this Motion by conferring with attorney, Britt DeGennaro of Perry & Neblett, P.A., on November 23, 2016 by telephone.  During the telephone conference, the undersigned outlined the specific inadequacies concerning Mr. Hecht's Supplemental Report and advised that the issues could only be resolved by way of agreement to strike Mr. Hecht as an

expert witness in this matter, and Mr. DeGennaro expressly authorized the undersigned to represent that we had conferred and that Plaintiffs were opposed to the relief sought.   By subsequent correspondence dated November 23, 2016, Mr. DeGennaro requested the opportunity to review an outline of USAA CIC's position so as to consider whether USAA CIC's concerns could be remedied, but the undersigned advised that such concerns could not be remedied due to the prejudice sustained by USAA CIC.

WHEREFORE, Defendant, USAA Casualty Insurance Company, respectfully requests entry of an Order Striking Plaintiffs' Expert Witness and excluding the testimony of Mr. Kenneth Hecht at the trial of this matter or, alternatively, entry of an Order Extending the Deadline for Defendant to Complete Expert Discovery and for Defendant to File any Motions to Exclude or Limit Proposed Expert Testimony, and for such other relief as this Court deems necessary and just.

Respectfully submitted,

**SIMON, REED & SALAZAR, P.A.**

/s/ Jennifer V. Ortega
MICHAEL SIMON
Florida Bar No. 0062790
JENNIFER V. ORTEGA
Florida Bar No. 028228
Two Datran Center
9130 S. Dadeland Blvd., Suite 1209
Miami, Florida 33156
Tel.: (305) 670-0776
Fax: (305) 670-0731
Email: msimon@simonreedlaw.com
        jortega@simonreedlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically with the Clerk of Court using CM/ECF on this 30th day of November, 2016.


By:   /s/  Jennifer V. Ortega


**SERVICE LIST**

Perry & Neblett, P.A.
David Avellar Neblett, Esq.,
2550 South Bayshore Drive, Suite 11
Miami, FL 33133
Email: david@perryneblett.com
Email: terry@perryneblett.com
Tel: (305) 856-8408
Fax: (305) 856-8409
*Attorneys for Plaintiffs*