UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-23947-CIV-LENARD/GOODMAN

DAVID L. BERKOWER, et al.,

    Plaintiffs,
v.

USAA CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

**<u>ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' EXPERT</u>**

Defendant USAA Casualty Insurance Company ("Defendant") filed a Renewed Motion to Strike Plaintiffs' Expert Witness or, alternatively, Motion for Extension of Time for Defendant to Complete Expert Discovery and for Defendant to File Motions to Exclude or Limit Proposed Expert Testimony ("Renewed Motion"). [ECF No. 142]. Plaintiffs David L. Berkower and Sznol Berkower ("Plaintiffs") filed an opposition response [ECF No. 150] and Defendant filed a reply [ECF No. 152]. The parties previously consented to the Undersigned handling all pre-trial motions and United States District Judge Joan A. Lenard referred those matters to me. [ECF Nos. 20; 21]. For the reasons detailed below, the Undersigned **grants** Defendant's Motion.

Plaintiffs served their expert disclosures and report for Mr. Kenneth Hecht on Defendant. According to the report, Mr. Hecht is a registered architect in Florida and New York; certified general contractor in Florida; licensed adjuster in Florida, New York and New Jersey; licensed mold assessor in Florida; Licensed Mold Remediator in Florida; and a Licensed Home Inspector in Florida. [ECF No. 151-2, p. 4]. Defendant filed a Motion to Strike Plaintiffs' Expert Witness [ECF No. 98] and a Motion to Modify Scheduling Order to Extend Deadline for Defendant to Complete Expert Discovery and for Defendant to File Motions to Exclude or Limit Proposed Expert Testimony [ECF No. 103]. The Undersigned denied the Motion to Strike [ECF No. 115] but granted the Motion for Extension of Time. [ECF No. 116].

In the Order granting the extension of time, I deemed Plaintiffs' expert disclosure for Mr. Hecht to be "overly conclusory, vague, and significantly inadequate" and then directed Plaintiffs' counsel to provide "a supplemental, more-precise, more-detailed expert report." [ECF No. 116]. I put Plaintiffs "on notice that Mr. Hecht's supplemental expert report [would] be subject to an order striking it if it [did] not adequately address and resolve the concerns flagged in [Defendant's] motion to strike." [ECF No. 116].

Plaintiffs served a Supplemental Expert Disclosure and Report. Defendant then filed the Renewed Motion to Strike. [ECF No. 142]. Defendant contends that Plaintiffs' expert disclosure *still* fails to comply with Federal Rule of Civil Procedure 26(a)(2)(B)

2

("Rule 26(a)(2)(B)"). Defendant primarily asserts that the expert report is conclusory, vague and lacks detail.

For those experts who must provide a report to accompany a party's expert disclosure, Rule 26(a)(2)(B) details what those expert reports must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

"An expert report must be complete to the point where 'opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources." *Frasca v. NCL (Bahamas) Ltd.*, No. 12-206620CIV, 2014 WL 695413, at *4 (S.D. Fla. Feb. 24, 2014) (quoting *Dyett v. N. Broward Hosp. Dist.*, No. 03-60804, 2004 WL 5320630, at *1 (S.D. Fla. Jan. 21, 2004) (granting motion to strike expert because, among other reasons, counsel's summary was an inadequate substitute for the required report)).

Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information

or the witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "'[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless.'" *Dyett*, 2004 WL 5320630, at *2 (quoting *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998)).

Given these rules, courts do not hesitate to strike experts when adequate reports have not been timely provided, and appellate courts regularly affirm orders excluding experts under these scenarios. *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008) (affirming district court's exclusion of an expert's affidavit and explaining that compliance with Rule 26's expert witness disclosure rule "is not merely aspirational"); *see also Managed Care Sols., Inc. v. Essent Healthcare, Inc.*, No. 09–60351–CIV, 2010 WL 1837724, at *3 (S.D. Fla. May 3, 2010) (granting defendant's motion to strike expert witnesses and precluding them from testifying).

The Undersigned has reviewed the Supplemental Expert Disclosure and Report and finds that the expert's conclusions are too conclusory and vague. The report disregards several of Rule 26's requirements. Most significantly, the report fails to express the basis and reasons for the opinions reached. Mr. Hecht merely states his conclusions.

I specifically cautioned Plaintiffs about these very issues with their original expert report. In the same Order in which I cautioned Plaintiffs, I was very flexible and

4

gave them an opportunity to file a supplemental report -- and then warned them that I would strike the report if they failed to rectify the problems with the original report. Apparently, my Order's wording did not sufficiently motivate Plaintiffs to obtain a report containing adequate detail as there are many deficiencies in the report.

For example, Mr. Hecht's first opinion states that he "agree[s] with the Scope of Work and the Pricing enumerated in Stellar Public Adjusting Services estimate." [ECF No. 121-1, p. 2]. However, the opinion fails to specify which of the two Stellar estimates is the subject of his agreement.

In addition, Mr. Hecht's second opinion provides that "[s]ewage contaminants/category 3 water have penetrated the interior of the material as well as the inaccessible area beneath it." [ECF No. 121-1, p. 2]. Mr. Hecht, in his report, provides no explanation as to **how and/or why** he reached this conclusion. An expert, even one that is qualified, cannot merely reach a conclusion. The expert needs to give a reason, an approach, and an analysis. This pronouncement that "category 3" water penetrated the interior of the material and the determination that it even penetrated an area that Mr. Hecht describes as inaccessible is simply not supported in the report. Mr. Hecht does not even provide an explanation as to how he could reach a conclusion about an area that is admittedly inaccessible.

As a further example of how Mr. Hecht's report is deficient, Mr. Hecht states that "[i]ncreased costs **may** be incurred during the execution of the construction[.] [ECF No.

121-2, p. 3 (emphasis supplied)]. This opinion is not helpful as it is equivocal and it provides no explanation as to why it is inconclusive.

For these reasons, the Undersigned finds that Plaintiffs' expert's report is deficient and fails to comply with Rule 26. Defendant would be compelled to take Mr. Hecht's deposition if it hoped to receive the basis for, and reasons used in, reaching the conclusions included in his report. In addition, the Undersigned does not find that Plaintiffs' failure to comply with Rule 26 is substantially justified or harmless, particularly in light of the opportunity Plaintiffs were given to file a supplemental report and the notice specifying that the report was deficient because it was overly conclusory, vague, and significantly inadequate.

Accordingly, the Undersigned **grants** Defendant's Renewed Motion to Strike and **strikes** Plaintiffs' expert, Mr. Hecht.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on March 23, 2017.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Joan A. Lenard
All Counsel of Record