UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-23947-CIV-LENARD/GOODMAN

DAVID LOUIS BERKOWER and
SZNOL BERKOWER,

    Plaintiffs,

vs.

USAA CASUALTY INSURANCE COMPANY,

    Defendant.
_____/

## DEFENDANT'S MOTION FOR RECONSIDERATION OF THIS COURT'S OMNIBUS ORDER DENYING SUMMARY JUDGMENT MOTIONS

    Defendant, USAA CASUALTY INSURANCE COMPANY (hereinafter "USAA CIC"), by and through the undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby files its Motion for Reconsideration of this Court's Omnibus Order Denying Summary Judgment Motions [D.E. 190] (hereinafter "Order"), and in support states:

### INTRODUCTION

    As the Court correctly points out in its Order, Plaintiffs "significantly violated the applicable procedural rules when opposing the summary judgment motion filed by Defendant." *See* Order, p. 2. Plaintiffs failed to initially respond to USAA CIC's Statement of Undisputed Facts [D.E. 110] and subsequently sought leave to file its response, and the Court granted their request almost eight (8) weeks after summary judgment motions had been fully briefed. *See* Order, p. 3. Thus, at the time of filing its Reply memorandum [D.E. 144], USAA CIC did not have the benefit of being able to discern what facts were actually in dispute. Even after the Court granted Plaintiffs' request to file a response to USAA CIC's Statement of Undisputed

1

Facts, the response was completely inadequate as it merely indicated that USAA CIC's numbered facts were "disputed" without referring to any actual record evidence to show that the undisputed facts are in fact actually disputed, as required under the local rules.[1] *See* Order, p. 4. As the Court also pointed out, "[a] barebones, conclusory statement that an undisputed fact is 'disputed' does not make it so," which is why USAA CIC did not have the benefit of knowing what facts were actually in dispute when preparing its Reply. It is only now, after the Court did Plaintiffs' work by "comb[ing] through the record" (including Plaintiffs' own summary judgment motion and accompanying statement of undisputed facts, neither of which were considered by USAA CIC in preparing its Reply memorandum) and identifying which assertions it believed to be actually disputed, that the facts in dispute have been properly framed for USAA CIC to reply and appropriately explain why such disputed facts do not preclude entry of summary judgment in USAA CIC's favor. *See* Order, pp. 8-9. Moreover, since fully briefing summary motions, the Court also entered an Order striking Plaintiffs' expert witness, Kenneth Hecht, which also impacted the summary judgment record and the proper framing of the facts in dispute.

Accordingly, USAA CIC submits that reconsideration of this Court's Order [D.E. 190] denying USAA CIC's Motion for Summary Judgment [D.E. 109] is necessary and warranted to correct the following clear errors and prevent manifest injustice: 1) the Court's clear error in finding there is a genuine issue of material fact as to whether a "break" in the subject drain line exists and failure to consider that Plaintiffs fail to otherwise meet their burden to prove a covered loss; 2) the Court's clear error in finding Plaintiffs' evidence sufficiently and competently meets

---

[1] The Court permitted USAA CIC to file an Amended Reply [D.E. 177; 181] to address Plaintiffs' newly-filed response but such response was effectively meaningless in terms of placing disputed facts in context as the response to each numbered fact was not supported by specific references to the record, as pointed out by USAA CIC in its Amended Reply. *See* [D.E. 181].

Plaintiffs' burden to prove the insured property sustained ensuing water damage as a result of the alleged plumbing backup; 3) the Court's clear error in finding Plaintiffs' met their burden to prove the amount of their claimed damages and whether same exceeds the policy deductible; and 4) the Court's clear error in failing to consider that even if Plaintiffs did in fact meet their burden of proof, the unrefuted record evidence establishes that exclusions to coverage apply, warranting summary judgment in favor of USAA CIC as a matter of law.

## ARGUMENT AND MEMORANDUM OF LAW

### a. Motion for Reconsideration Standard

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Z.K. Marine Inc. v. M/V Archigetis,* 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (citations omitted). The district courts have recognized "three major grounds which justify reconsideration:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (citing *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.,* 62 F.Supp.2d 1316, 1331 (M.D. Fla. 1999).  "[T]here must be a reason why the court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.*  (citing *Sussman v. Salem, Saxon & Nielsen, P.A.,* 153 F.R.D. 689, 694 (M.D. Fla. 1994).  A motion for reconsideration would be appropriate where the "Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." *Z.K. Marine Inc.,* 808 F. Supp. at 1563 (citations omitted).

    **b. The Court Clearly Erred in Finding There is a Genuine Issue of Material Fact as to Whether a "Break" in the Subject Drain Line Exists and by Failing to Consider That Plaintiffs Fail to Otherwise Meet Their Burden to Prove a Covered Loss**

The Court in its Order acknowledges that the burden is on the Plaintiffs to prove that the loss claimed falls within a "covered perils" provision of the policy. *See* Order, p. 18. USAA CIC's Motion for Summary Judgment emphasizes Plaintiffs' failure to meet that burden based on the undisputed summary judgment record. *See, generally* [D.E. 109]. Plaintiffs presented no evidence of any kind as to the **cause** of the alleged plumbing backup other than a plumbing report from All 4 One Plumbing, Inc. (who has not even been designated as an expert witness) concluding there is a "sag" in the sanitary drain line. A "sag" in the drain line does not fall within a "covered perils" provision of the policy, nor do Plaintiffs contend that it does. In fact, the Court acknowledges in its Order that "Plaintiffs, in their opposition response, minimally respond to Defendant's argument that there is a lack of evidence demonstrating a covered peril under the policy" and only "oppose those arguments made against coverage to ensuing damages." *See* Order, p. 26. Notwithstanding, the Court's Order fails to consider the absence of any record evidence establishing that the alleged plumbing backup was caused by a "covered peril" under the policy and fails to consider the **unrefuted** opinions of USAA CIC's experts which unequivocally establish that the alleged backup **was not** caused by a covered peril. This was clearly error as there is absolutely no expert opinion presented by Plaintiffs as to the cause of the alleged plumbing backup, let alone that such cause falls within the ambits of coverage.

Notwithstanding, the Court concluded that a genuine dispute existed as to whether a "break" in the drain line exists while inconsistently noting that Plaintiffs did not refute USAA CIC's arguments made in connection with repair of the pipe itself and "did only a minimal and wholly conclusory job of responding to Defendant's argument." *See* Order, p. 26. The Court's

4

finding of a genuine dispute as to whether a "break" in the drain line exists is not based on an expert opinion; rather, the Court's finding is based **solely** on Mr. Vespi's report which mentions a break.  *See* Order, p. 27.  However, Mr. Vespi is not an expert, as recognized by the Court in finding that "Mr. Vespi is not a licensed plumber and could not independently and competently determine the alleged plumbing issue that caused the [alleged] damage," and "Mr. Vespi has since stated in an affidavit that he defers to the opinions of Defendant's experts."  *See* Order, p. 23.  Even if the Court **somehow** found Mr. Vespi qualified as an expert witness in this matter, the Court also found that the statements in Mr. Vespi's report were "based on the information available to Mr. Vespi at [the] time" of his inspection, and Mr. Vespi relied on the information conveyed by Rami Boaziz (who has not been designated as an expert), based on Mr. Boaziz's understanding of All 4 One's findings (who also has not been designated as an expert), making such unreliable, inadmissible hearsay upon hearsay insufficient to support a finding that a genuine dispute exists as to whether a "break" in the drain line exists.  *See* Order, pp. 21 and 23. In addition, Mr. Boaziz testified that he did not inform Mr. Vespi that there was a "break" in the drain line, and All 4 One Plumbing's report makes no mention of a "break" in the drain line, establishing that the statements in Mr. Vespi's report are incorrect and unreliable.  *See* Order, pp. 27-28.  All 4 One's corporate representative even conceded that its report would have indicated a "break" if All 4 One's plumber had in fact found one.  *See* Order, pp. 27-28.  Thus, the Court clearly erred in finding that a *genuine* dispute exists as to whether a "break" in the drain line exists so as to bring the alleged loss within a "covered perils" provision of the policy as the statements contained in Mr. Vespi's report concerning a "break" are not probative and do not qualify as competent evidence of an *actual* "break" in the drain line.  *See Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) ("[G]enuine disputes of facts are 'those in which the

5

evidence is such that a reasonable jury could return a verdict for the non-movant. For factual issues to be considered genuine, they must have a real basis in the record.'") (citation omitted).

### c. The Court Clearly Erred in Finding Plaintiffs' Evidence Sufficiently and Competently Met Their Burden to Prove the Insured Property Sustained Ensuing Water Damage as a Result of the Alleged Plumbing Backup

In reaching its decision, the Court concluded that the record evidence creates genuine issues of material fact as to whether the damage sustained to the insured property was ensuing water damage. *See* Order, p. 29. However, the Court's conclusion fails to consider the issue of causation – whether the damage (the door jam stains and the discoloration of the flooring) was **caused** by ensuing water, as Plaintiffs claim, or whether it is simply the result of long-term wear and tear, poor maintenance and inherent variations in shade, color and characteristics of the flooring, as opined by USAA CIC's experts, the **only** opinions in the summary judgment record. Causation is the proper subject of expert testimony under Federal Rule of Evidence 702, not conclusory lay opinion testimony, and the summary judgment record is devoid of any expert testimony which refutes the sworn opinions of USAA CIC's experts as to the cause of the claimed damage. *See* Fed. R. Evid. 702.; *see also Ritz Gormet, Inc. v. Nationwide Mutual Fire Ins. Co.*, 13CV303, 2014 WL 12539655, *4 (M.D. N.C. Jun. 24, 2014) (insurer entitled to summary judgment on roof damage claim due to insured's failure to provide expert opinion as to causation to rebut insurer's expert's opinion). The Court acknowledges in its Order that USAA CIC's "expert opinions indeed cast significant doubt on whether the damages sustained to Plaintiffs' property were ensuing damages and even call into question whether water damages even exist on the property," but the Court ultimately relied on Plaintiffs' testimony and Mr. Vespi's report in determining that a genuine dispute exists as to whether the claimed damage was ensuing water damage. This was clearly in error as neither the Plaintiffs nor Mr. Vespi can

provide expert opinions on the issue of causation and as a result of the Court's ruling striking Plaintiffs' expert witness, there is no expert opinion in the record refuting the opinions of USAA CIC's experts as to the cause of the claimed damage.

Notwithstanding, the Court's Order states that Mr. Vespi's report includes "a finding" that "based on the information he had at the time, there were damages sustained to the property." *See* Order, p. 30.  It is not only contradictory to conclude that the statements contained in Mr. Vespi's report constitute "a finding" when Mr. Vespi has not been designated as an expert witness and it is undisputed that Mr. Vespi is not qualified "to render opinions as to causation," but it is also incorrect to characterize Mr. Vespi's statements as "findings" in the first place when the Court has already concluded that such statements are <u>based only on information available to Mr. Vespi at the time</u> (Mr. Vespi's report was written before he had the benefit of All 4 One Plumbing's report and before considering Mr. Dunn and Mr. Fortune's expert reports). *See* Order, p. 21.  The record plainly shows that after Mr. Vespi had the opportunity to review Mr. Dunn and Mr. Fortune's reports and photographs, he deferred to their professional opinions as to the cause of the alleged damage.  *See* Order, pp. 21 and 23.

In addition, Plaintiffs' unqualified testimony is insufficient to create a genuine issue of fact on the issue of causation.  Not only are Plaintiffs not qualified to provide expert opinions on the issue of causation, but their self-serving, unsubstantiated testimony is also insufficient to create a genuine issue of material fact on the issue.  The record clearly shows that Mrs. Berkower deferred to Mr. Vespi and Mr. Boaziz who, "on their own, identified any damage done" but neither Mr. Vespi nor Mr. Boaziz are qualified to make any determination as to the cause of the claimed damages [D.E. 134-1, pp. 78 – 79], nor have they been designated as experts in this matter.  Plaintiffs explained at their depositions what they observed on the day of the loss and

where the water allegedly spread, but neither could articulate what they claim was actually damaged by the plumbing backup, nor could they confidently testify that they were certain the alleged damage was not there prior to the day of the loss.  *See* [D.E. 134-1; 132-1].  Plaintiffs' testimony as to "dirty, smelly water" everywhere does not establish that the plumbing backup **actually** damaged the property, and they are unable to corroborate their **belief** that the water caused damage to establish that it in fact caused damage and establish what those damages are, if any.  In fact, as referenced in USAA CIC's summary judgment motion, when asked whether he has noticed anything different about the floor ever since the loss occurred, Mr. Berkower testified that he could "live on a floor that has black markers all over it and [he] wouldn't probably care," and he "really [has not] paid attention too much to the floor."  [D.E. 132-1, p. 84].  Water gets on bathroom floors all of the time, but only an expert can opine as to whether the water on the floor in fact caused the alleged damage, and the only expert opinions in the record establish that water from the alleged backup **did not** cause the claimed damage to the door jams and the alleged damage to the floor.  Additionally, as the Court noted in its Order, Mr. Dunn determined based on his review of Mrs. Berkower's deposition testimony concerning various plumbing fixtures which supposedly flooded at once, that "the water could not have flooded the way Mrs. Berkower described."  *See* Order, p. 29.  This opinion, coupled with Plaintiffs' inability to articulate what they claim was damaged by the plumbing backup and the lack of any substantiating record evidence such as photographs of the "flooding" or emergency water remediation and the fact that the loss was not even reported to USAA CIC until two weeks after it allegedly occurred, unequivocally establishes the insufficiency of Plaintiffs' record evidence so as to create a genuine issue of fact on whether the claimed damage at the property was ensuing water damage resulting from the alleged plumbing backup.

8

### d. The Court Clearly Erred in Finding Plaintiffs' Evidence Met Their Burden to Prove the Amount of Their Claimed Damages and Whether Same Exceeds the Policy Deductible

As part of Plaintiffs' burden to prove that the loss claimed falls within a "covered perils" provision of the policy and to prove that the property actually sustained damage as a result of the loss, Plaintiffs must also prove the **amount** of their claimed damages and whether same exceeds the $1,000.00 policy deductible.  *See* [D.E. 110-1, p. 7].  Pursuant to Florida law, Plaintiffs bear the burden of proving that a covered loss exceeds the deductible amount.  *Appalachian Ins. Co. v. United Postal Savings Assn.*, 422 So.2d 332, 333-34 (Fla. 3d DCA 1982).  Judgment in favor of the insurer is proper upon a finding that a loss does not exceed the policy deductible.  *Id.* (reinstating jury verdict in favor of insurer and entering judgment where jury found loss did not exceed all-risk insurance policy deductible).  The record is completely devoid of any competent evidence as to the amount of Plaintiffs' claimed damages and whether the cost to repair/remediate same exceeds the deductible. For example, there is no record evidence showing that the "discolored" tiles, which according to USAA CIC's expert, Dick Fortune, exhibit the same discoloration seen on tiles six feet above the floor, cannot simply be cleaned.  *See* [D.E. 110-14, ¶ 11].  The only expert opinion in the record as to the claimed tile damage is that of Mr. Fortune, and he is of the opinion that repairs of any affected tiles "can seamlessly be performed as travertine tiles contain a broad range of coloration, tone, hue and movement characteristics." [D.E. 110-14, ¶ 16].  In support of the amount of claimed damages and whether same exceeds the deductible, Plaintiffs cannot use or rely upon Mr. Vespi's estimate as Mr. Vespi is has not been designated as an expert, nor is he qualified to serve as a damages expert.  Plaintiffs also cannot use or rely upon either of Stellar Public Adjusting LLC's ("Stellar") estimates as no one at Stellar has been designated as an expert, nor is anyone at Stellar even qualified to serve as a

damages expert, and as referenced in USAA CIC's summary judgment motion, Stellar's corporate representative, Rami Boaziz, could not even identify who prepared any of the two estimates purportedly prepared by Stellar and submitted on Plaintiffs' behalf, let alone explain the differences between the two estimates.  *See* [D.E. 109, pp. 18-19].  By denying USAA CIC's Motion for Summary Judgment, the Court clearly erred as it failed to consider that Plaintiffs had not met their burden to prove the amount of their claimed damages and whether same exceeds the policy deductible, warranting summary judgment in USAA CIC's favor as a matter of law.

    e. **The Court Clearly Erred by Failing to Consider That Even if Plaintiffs Did in Fact Meet Their Burden of Proof, the Unrefuted Record Evidence Establishes That Exclusions to Coverage Apply, Warranting Summary Judgment in Favor of USAA CIC**

As correctly noted by the Court in its Order, once an insured proves that a covered loss occurred at the insured property, the burden shifts to the insurer to prove an exclusion applies to coverage.  *See* Order, p. 18.  Indeed, if an insured proves that a covered loss occurred, the Court **must** then consider whether coverage is excluded pursuant to the policy provisions.  Thus, even if we are to assume that the summary judgment record competently establishes that the loss claimed falls within a "covered perils" provision of the policy (which USAA CIC adamantly disputes) and that there is record evidence as to the amount of the claimed damages exceeding the deductible, the Court's ruling utterly failed to consider that the unrefuted record evidence establishes that coverage for the claimed loss is excluded under the policy as the plumbing backup (if in fact such plumbing backup even occurred) was caused by improper installation of the master bathroom drain line, and the claimed damages were caused by wear and tear and deterioration.  As referenced in USAA CIC's summary judgment motion and its statement of undisputed facts, the clear and unambiguous terms of the policy exclude coverage for losses caused by improper installation.  *See* [D.E. 109, p. 11]; [D.E. 110-1, pp. 40-41].  As also

referenced in USAA CIC's summary judgment motion and its statement of undisputed facts, there is no coverage under the clear and unambiguous terms of the policy for damage caused by wear and tear and deterioration such as the claimed damage to the door jams in the master bathroom of property.[2]  *See* [D.E. 109, pp. 17-18]; [D.E. 110-1, pp. 38-39].  Based on the undisputed record evidence, USAA CIC is therefore entitled to summary judgment as coverage for the claimed loss is excluded under the provisions of the subject policy.  USAA CIC is independently entitled to summary judgment as there is no record evidence to support Plaintiffs' contention that the water from the alleged plumbing backup actually caused damage to the property.

For the foregoing reasons, USAA CIC submits that reconsideration of this Court's Order [D.E. 190] is necessary and warranted to correct clear errors and prevent manifest injustice to the extent the Order denies USAA CIC's Motion for Summary Judgment [D.E. 109] as the summary judgment record before the Court warrants entry of summary judgment in favor or USAA CIC as a matter of law.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3), the undersigned hereby certifies that counsel for the movant has made reasonable efforts to confer with Plaintiffs' counsel in a good faith effort to resolve the issues raised in this Motion by 1) contacting Plaintiffs' counsel, David Neblett, at his office on April 17, 2017 and April 18, 2017 and requesting a return call, 2) sending correspondence dated April 17, 2017 and April 18, 2017 to Plaintiffs' counsel, and 3) speaking with attorney, Britt DeGennaro, of Perry & Neblett, P.A., on April 18, 2017 who advised he is

---

[2] At the very least, summary judgment in USAA CIC's favor is warranted as to coverage for the claimed damage to the below slab drain line itself and the claimed damage to the door jams in the master bathroom.  This would limit the issue for trial to whether the alleged plumbing backup caused ensuing damage to the travertine flooring and, if so, whether the cost to repair/remediate that damage exceeds the policy deductible.

11

unable to confer as to the relief sought herein and Mr. Neblett is unavailable to confer. Despite these reasonable efforts, the undersigned has been unable to confer as her calls and correspondence to Mr. Neblett went unanswered.

WHEREFORE, Defendant, USAA Casualty Insurance Company, respectfully requests entry of an Order modifying its Omnibus Order on Defendant's motion for summary judgment to correct the factual and legal findings made as a result of clear error, and for such other relief as this Court deems necessary and just.

Respectfully submitted,

**SIMON, REED & SALAZAR, P.A.**

/s/ Jennifer V. Ortega
MICHAEL SIMON
Florida Bar No. 0062790
JENNIFER V. ORTEGA
Florida Bar No. 028228
Two Datran Center
9130 S. Dadeland Blvd., Suite 1209
Miami, Florida 33156
Tel.: (305) 670-0776
Fax: (305) 670-0731
Email: msimon@simonreedlaw.com
   jortega@simonreedlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically with the Clerk of Court using CM/ECF on this 18th day of April, 2017.

By: /s/ Jennifer V. Ortega

## SERVICE LIST

Perry & Neblett, P.A.
David Avellar Neblett, Esq.,
2550 South Bayshore Drive, Suite 11
Miami, FL 33133
Email: david@perryneblett.com
Email: terry@perryneblett.com
Tel: (305) 856-8408
Fax: (305) 856-8409
*Attorneys for Plaintiffs*